**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 05 2018

JAMES W. McCORMACK, CLERK
.By:_____
                            DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DARYL M. JOHNSON                                          PLAINTIFF

v.                          Case No. ___4:18- cv- 824- DPM___

LIEUTENANT JOHNNY GILBERT JR.,
Individually and in his Official Capacity
As Police Lieutenant for the City of Little
Rock;
DETECTIVE KENDALL HARPER,
Individually and in his Official Capacity
as Police Detective for the City of Little
Rock;
OFFICER KENNETH THOMPSON,
Individually and in his Official Capacity as
Police Officer for the City of Little Rock;
OFFICER DENNIS SWINFORD,
Individually and in his Official Capacity as
Police Officer for the City of Little Rock;
OFFICER BRITTANY JACKSON,
Individually and in her Official Capacity as
Police Officer for the City of Little Rock;
SERGEANT RODNEY DAVIS,
Individually and in his Official Capacity as
Police Officer for the City of Little Rock;
CHIEF KENTON BUCKNER, Individually
and in his Official Capacity as Police Chief
of the City of Little Rock;;
THE CITY OF LITTLE ROCK, ARKANSAS                        DEFENDANTS

This case assigned to District Judge _Marshall_
and to Magistrate Judge __Harris__

## FIRST COMPLAINT

COMES NOW, the Plaintiff, Daryl M. Johnson, by and through his attorneys, Bowman &

Lewis, PLLC, and for his Complaint states as follows:

## I. <u>INTRODUCTION</u>

1.      This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2.      The individual Defendants are sued in both their individual and official capacities.

3.      The City of Little Rock is included as a Defendant as a result of their ratification and authorization of the actions by the individual Defendants against Plaintiff.

4.      On November 15, 2017, Lieutenant Johnny Gilbert Jr. effected an arrest on the Plaintiff without probable cause of Plaintiff violating any law.

5.      While Plaintiff was detained pursuant to the illegal stop, Defendant Gilbert placed the Plaintiff, Mr. Johnson, in handcuffs.

6.      Defendant Gilbert proceeded to force Plaintiff Johnson to cross the street, while still cuffed, in the opposite direction of any of the police cars at the scene.

7.      Defendant Gilbert and Plaintiff Johnson were then struck by a vehicle driven by a third party, later identified as Mr. Keith Hearnsberger.  Mr. Hearnsberger is presently charged with two counts of First Degree Battery and one count of Failure to Provide Aid and Information.  This case is in the Pulaski County Circuit Court and styled as 60CR-18-481.

8.      Defendant Gilbert and Plaintiff Johnson were immediately transported to UAMS and Baptist hospitals, respectively.

9.      Sergeant Rodney Davis ordered Officer Dennis Swinford to go to the hospital and give Plaintiff Johnson a ticket for disorderly conduct.  This ticket was styled as CR182890 or case number LRCR-17-5028.

10.     The disorderly conduct charge was nolle prosequi on March 13, 2018.

11.     Plaintiff's claim for wrongful arrest includes, but is not limited to, Defendant Gilbert's actions of handcuffing Plaintiff and walking him across a street without proper care, thus placing the Plaintiff in danger.

12.     Plaintiff's claim for malicious prosecution relates to the unmerited charge of disorderly conduct which was eventually nolle prosequi.

13.     Defendants intended to and did indeed cause Plaintiff to suffer physical and emotional pain, as Plaintiff suffered both temporary and permanent physical injuries along with extreme emotional distress.  Furthermore, Plaintiff Johnson's Fourth, Fifth, Eighth, and Fourteenth Amendment Rights under the US Constitution were violated.

## II.  JURISDICTION & VENUE

14.     This case is brought pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution, and other claims which arise out of state law.

15.     Jurisdiction is founded upon 28 U.S.C. § 1331, 1343(a)(3)(4), & 1367(a).

16.     This Court has Jurisdiction over Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omission which give rise to this action occurred within this District and the Court otherwise has jurisdiction over these claims.

18. This case involved an actual case in controversy arising out of the Fourth and Fourteenth amendments to the Constitution of the United States. The case also arises out of U.S.C. § 1983.

### III. THE PARTIES

19. Plaintiff, Daryl Johnson, is a resident of Crown Point, Lake County, Indiana, United States.

20. Defendants Lieutenant Johnny Gilbert Jr, Detective Kendall Harper, Officer Kenneth Thompson, Officer Dennis Swinford, Officer Brittany Jackson, Sergeant Rodney Davis and Chief of Police Kenton Buckner were at all times relevant residents of Pulaski County, Arkansas, and were acting in their official capacity as police officers for the City of Little Rock, Arkansas, in the Little Rock Police Department, and were acting under the color of state law. They are sued in their individual and official capacities as members of the Little Rock Police Department.

21. The City of Little Rock, Arkansas is a political subdivision of the State of Arkansas and has, among its other functions, the duty of operating and maintaining the law enforcement agency known as the Little Rock Police Department.

22. The City of Little Rock is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Little Rock and to preserve its citizens the

rights, privileges, and amenities guaranteed and secured to them by the Constitution and laws of the United States and the State of Arkansas.

23.     The City of Little Rock has established or delegated to the Little Rock Police Department the responsibility for establishing and implementing the policies, customs, and procedures used by law enforcement officers employed by the City of Little Rock, including the members of the Police Department styled as Defendants in the complaint, as well as regarding arrest protocols, the policy on handcuffing,, and the use of force during law enforcement operations and/or arrest operations.

24.     At all relevant times, all individual defendants acted under the color of state law, by virtue of their authority as law enforcement officers and in the course and scope of their employment with the Little Rock Police Department, as established by the City of Little Rock, Arkansas, respectively.

## IV. <u>STATEMENT OF FACTS</u>

25.     On November 5, 2017, Philander Smith College hosted a homecoming party that Plaintiff Daryl Johnson sought to attend.

26.     While the event was advertised as ending at 0130am, Plaintiff Johnson was refused entry to the event at approximately 0030am.  A verbal exchange occurred and Defendant Lt. Gilbert opted to place Plaintiff Johnson into handcuffs.  No citations were issued at this time. There were no reports that Plaintiff Johnson was intoxicated or caused a physical disturbance.

27.     As Plaintiff Johnson was forced to walk in a direction away from the multiple Little Rock Police vehicles, and while under the control of Defendant Gilbert and the Defendant's handcuffs, both individuals were struck by a vehicle.  Defendant Gilbert forced

Plaintiff Johnson to cross the road at an angle, not at a crosswalk, and in a direction opposite of the police cruisers present nearby.

28. Officers were already present approximately 100 feet from the scene so they responded to render medical aid to both parties almost immediately. Several other officers working nearby events responded within moments to an officer down report. Witness statements were taken at the scene, which was taped off pursuant to a hit and run investigation.

29. Officers removed the handcuffs from Plaintiff Johnson to render him aid. Plaintiff Johnson was somewhat responsive; Defendant Gilbert was unresponsive at this time.

30. Ambulances were summoned to transport Defendant Gilbert and Plaintiff Johnson to UAMS and Baptist hospitals, respectively.

31. Defendant Gilbert directly and proximately put Plaintiff Johnson in the position of sustaining the injuries that Plaintiff Johnson sustained.

32. Plaintiff Johnson was subsequently arrested and charged with the crime of disorderly conduct, a Class C Misdemeanor under A.C.A. § 5-71-207.

33. Based on information and belief, none of the officers involved filed "use of force" reports with their respective law enforcement agencies, in violation of the agencies' policies and procedures.

34. Based on information and belief, Little Rock Police Department has a custom, policy, or practice where failure to supervise, train, evaluate, and discipline their officers concerning policies and procedures as they pertain to the laws on stops, seizures, arrests, detentions, use of force, and use of handcuffs, that has resulted in an environment that condones

the unreasonable detention and unjustified use of excessive force and/or wrongful arrests on citizens of the general public.

35. All individual defendants herein were, at all relevant times, acting under color of state law.

## V. CAUSES OF ACTION

### Count 1: FALSE ARREST and FALSE IMPRISONMENT

36. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-35.

37. Lieutenant Johnny Gilbert, Jr., directly participated in violating Daryl Johnson's Fourth and Fourteenth Amendment Rights to be free from unreasonable seizure of his person by handcuffing Plaintiff and arresting him without probable cause or reasonable belief that the Plaintiff was committing a crime.

38. Officers Thompson, Harper, Swinford, Jackson and Davis directly participated in violating Daryl Johnson's Fourth and Fourteenth Amendment Rights to be free from unreasonable seizure of his person by directing and ordering a citation to be issued to the Plaintiff.

39. Police Chief Kenneth Buckner is individually liable as a supervisor who failed to train their Officers and who directly participated in the violations against Plaintiff.

40. All individual defendants deliberately and knowingly participated in violating the Plaintiff's federally protected rights.

41.	As a direct and proximate result of the actions against the defendants complained of herein, Plaintiff suffered damages. Plaintiff is entitled to relief under 42 U.S.C. § 1983. Defendants are jointly and severally liable for Plaintiff's damages.

Count 2: MALICIOUS PROSECUTION

42.	Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-41.

43.	Plaintiff has a clearly established right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizure of his person. Defendants Gilbert, Thompson, Jackson, Harper, Swinford, and Davis violated this right when they initiated a criminal proceeding against Plaintiff in retaliation in the absence of any probable cause to believe that Plaintiff had committed a crime.

44.	The charges against Plaintiff were later terminated in his favor.

45.	Defendants pursued this prosecution of Plaintiff with without any probable cause or reasonable basis for believing that Plaintiff violated Arkansas' Disorderly Conduct statute, or that he committed any other crime.

46.	Defendant City of Little Rock and Defendant Buckner are responsible for the violations of Plaintiff's constitutional rights because Defendants' actions resulted from the City's deliberate indifference to a custom, pattern, practice, or policy of allowing officers to arrest and charge individuals without probable cause and/or a deliberately indifferent failure to train, supervise, and discipline officers who engage in such conduct.

Count 4:  ARKANSAS CIVIL RIGHTS VIOLATION

47.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-46.

48.    Defendants acted under color of statute, regulation, custom or usage, and caused Plaintiff to be subjected to the deprivation of rights, privileges and amenities as secured by the Constitution of the State of Arkansas.

49.    The Arkansas State Civil Rights Violations committed against Plaintiff Johnson include, but are not limited to:

a.    Article 12, § 15 of the Arkansas Constitution prohibiting unreasonable searches and seizures;

b.    The fundamental right of privacy, as implied by Article 2, § 2, 8, 15, 21, 29;

c.    The denial of liberty and the pursuit of happiness pursuant to Article 2, § 2;

d.    Imposition of cruel and unusual punishment under Article 2, § 9;

e.    Unreasonable detention under Article 2, § 9;

f.    For the remedy set forth in Article 2, § 13; and

g.    Unreasonable searches and seizures under Article 2, § 15 & 16.

50.    As a direct and proximate result of the actions against the individual defendants complained of herein, Plaintiff suffered damages in the form of both temporary and permanent injuries, including loss of feeling, nerve irritation, speech and motor skill deficiencies, emotional distress, and loss of employment. Plaintiff is entitled to relief under the Arkansas Civil Rights Act. Defendants are jointly and severally liable for Plaintiff's damages.

51.    Plaintiff Daryl Johnson seeks the award of his costs of litigation and for reasonable attorney's fees for the pursuit of this claim.

<u>Attorney's Fees</u>

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-51.

63. Plaintiff seeks the award of reasonable attorney's fees as entitled to him under State and Federal law.

### Punitive Damages

64. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-63.

65. Defendants' conduct was willful, malicious, oppressive, and/or reckless and it was such a nature that punitive damages should be imposed against all defendants, except the government entities, in an amount proportionate to the wrongful acts alleged herein.

66. As a result of Defendants' reprehensible, malicious, intentional, and reckless conduct, Plaintiffs are entitled to an award of punitive damages in an amount to be determined by a jury.

68. The actions of all Defendants herein shocks the conscience as an intentional abuse of power.

### VI. JURY TRIAL DEMAND

72. Plaintiff demands a trial by jury as to all triable issues.

WHEREFORE Plaintiff, Daryl Johnson, prays that this Court enter judgment in his favor on all claims asserted herein, and for all other costs, fees, and equitable relief deemed reasonable by the court.

Respectfully submitted,

NATHAN B. LEWIS (2006231)
SETH L. BOWMAN (2011056)
BOWMAN & LEWIS, PLLC
109 Spring St.
Suite 6
Springdale, AR  72764
501-251-1701
501-377-9238 (fax)
nathan@lrattorney.com
seth@lrattorney.com