IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARYL M. JOHNSON                                    PLAINTIFF

v.                            No. 4:18-cv-824-DPM

JOHNNY GILBERT, JR., Lieutenant;
KENDALL HARPER, Detective; KENNETH
THOMPSON, Officer; DENNIS SWINFORD,
Officer; BRITTANY JACKSON, Officer;
RODNEY DAVIS, Sergeant; KENTON
BUCKNER, Chief, all Individually and
in their Official Capacities with the City
of Little Rock, and THE CITY OF LITTLE
ROCK, ARKANSAS                                     DEFENDANTS

## ORDER

1.   Daryl Johnson was trying to enter a party shortly after
midnight when Lieutenant Johnny Gilbert arrested him. As Gilbert
was walking Johnson across the street in handcuffs, a hit-and-run
driver struck them, sending both men to the hospital. While in the
hospital, Johnson received a citation for disorderly conduct from the
Little Rock Police Department. The charge was later *nolle prossed*.
Johnson alleges that this arrest and citation violated federal and state
law. Gilbert in his official capacity, all other officers in their individual
and official capacities, and the City of Little Rock move to dismiss.

**2. Fourth Amendment.** Johnson claims the City of Little Rock is liable for his unlawful arrest because of a custom or practice of failing to train and supervise police officers. The City argues that Johnson can't prove up this claim, but that's an issue for a later day. Johnson's custom-or-practice allegations are sufficient for his Fourth Amendment claim against the City to proceed.

Johnson also makes Fourth Amendment claims against Harper, Thompson, Swinford, Jackson, Davis, and Buckner in their individual and official capacities. The official capacity claims are dismissed without prejudice as duplicative of his claim against the City. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). The individual capacity claims proceed. Johnson alleges that Harper, Thompson, Swinford, Jackson, and Davis ratified his allegedly unlawful arrest by issuing the later citation for disorderly conduct. *Palmentere v. Campbell*, 344 F.2d 234, 238 (8th Cir. 1965). And he claims that Chief Buckner is individually liable for not training Little Rock officers because he was deliberately indifferent to a pattern or practice of arresting and charging people without probable cause. № 1 at ¶¶ 39 & 46; *Marsh v. Phelps County*, 902 F.3d 745, 754 (8th Cir. 2018). The facts are thin on these claims, but they are sufficient to state a claim.

**3. Malicious Prosecution.** Johnson may have a state-law claim for malicious prosecution. *Sundeen v. Kroger*, 355 Ark. 138, 142, 133 S.W.3d 393, 395 (2003). But his complaint frames this claim as one

under the Fourth and Fourteenth Amendments to the United States Constitution. As a matter of federal law, it fails. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

**4. Lieutenant Gilbert.** Gilbert hasn't appeared in his individual capacity. Johnson hasn't filed proof of service; and the time for service has passed. FED. R. CIV. P. 4(m). The Court directs Johnson to file a status report on service by 19 July 2019.

\* \* \*

The motion to dismiss, № 8, is partly granted and partly denied. Johnson's Fourth Amendment claim against the City goes forward, as do his Fourth Amendment claims against Harper, Thompson, Swinford, Jackson, Davis, and Buckner in their individual capacities. The official capacity Fourth Amendment claims against all the individual defendants are dismissed without prejudice as duplicative. The malicious prosecution claim is dismissed without prejudice, too. Status report about service on Gilbert due by 19 July 2019.

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

*10 July 2019*