IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DARYL M. JOHNSON                                                                PLAINTIFF

v.                                      No. 4:18-cv-824-DPM

JOHNNY GILBERT, JR., Lieutenant;
KENDALL HARPER, Detective; KENNETH
THOMPSON, Officer; DENNIS SWINFORD,
Officer; BRITTANY JACKSON, Officer;
RODNEY DAVIS, Sergeant; KENTON
BUCKNER, Chief, all Individually and
in their Official Capacities with the City
of Little Rock, and THE CITY OF LITTLE
ROCK, ARKANSAS                                                                  DEFENDANTS

ORDER

The proverb is that troubles come in threes. First, Little Rock police arrested Daryl Johnson in the middle of West Daisy L. Gatson Bates Drive during an extended verbal dispute about whether he and others could re-enter a Philander Smith College homecoming party. Second, as Lieutenant Gilbert escorted the now-handcuffed Johnson out of the three-lane street, both were hit by a passing vehicle. Johnson and Lieutenant Gilbert were taken to the hospital. Third, while Johnson was recovering there a few hours later, Officer Swinford served a citation on him for disorderly conduct. This charge against Johnson was eventually dropped. Johnson spent three days in the hospital.

The Court dismissed several of Johnson's claims, leaving three federal claims related to his arrest and several state claims. *Doc. 14.* Johnson says Lieutenant Gilbert didn't have probable cause or even arguable probable cause to arrest him. Officers Jackson, Thompson, Swinford, Davis, and Detective Harper, he continues, then conspired to cover up Gilbert's wrongs. And Johnson says Little Rock didn't train all these officers. The defendants seek judgment as a matter of law on all claims. The Court takes the material facts where disputed in the light most favorable to Johnson. *Reed v. City of St. Charles, Missouri*, 561 F.3d 788, 790–91 (8th Cir. 2009).

Johnson and two friends rode together to the party. They arrived around 11:00 p.m., and parked across Daisy Bates Drive from the venue. The trio was admitted by both the police and the folks working the front door. After some time, Johnson, his friends, and a few others left the party to go back to their cars. The folks at the front door told the group they could get back in. But, while Johnson and the others were at their cars, the police officers decided to stop letting people into the party. The event was, in the officers' opinion, full enough. And it was supposed to end in about an hour. Johnson and the others returned and were denied re-entry. That's when things heated up.

Johnson and the others were understandably frustrated. The officers and the group exchanged words as the officers told them to disperse. Eventually, the group members started making their way

down the sidewalk. The group stopped. The verbal exchange continued. Officer Gilbert made a pointed comment: the young people should be more worried, he said, about getting a degree than getting into a party. This made several people mad, because almost all were college graduates. There was cussing from both sides. The officers continued to tell the group to disperse. The five or six young people hem-hawed around—now walking across the street, but pausing to trade more heated words with the officers.

Officer Gilbert had enough. He approached the group as they slowly continued across Daisy Bates Drive. He said "I'm gonna make an example out of you" and "I'm gonna teach y'all a lesson," or words to that effect. He reached for the closest person—Johnson. With help from another officer on the scene, Officer Gilbert arrested and handcuffed Johnson. He began to escort Johnson out of the street, though not toward any patrol car. Both were hit by a passing car. Both were taken to the hospital. While Johnson was in recovery, Officer Swinford gave him a citation (accepted by his girlfriend) for disorderly conduct.

Officer Gilbert seeks qualified immunity against Johnson's suit. The Fourth Amendment question is whether this Officer had arguable probable cause to make this warrantless arrest. *Thurairajah v. City of Fort Smith, Arkansas*, 925 F.3d 979, 983–84 (8th Cir. 2019). Arkansas's statute on disorderly conduct is in the margin, with the potentially

-3-

applicable provisions italicized.* Johnson makes no First Amendment claim, perhaps because he says he wasn't one of those exchanging profanity with Officer Gilbert, but it bears mention that criticizing police officers, "even with profanity, is protected speech." *Thurairajah*, 925 F.3d at 985. Could a reasonable officer in this encounter have concluded that probable cause existed to arrest Johnson for disorderly conduct?

Yes. Johnson and more than two others did not comply with the police officers' lawful orders to disperse. The group's loud

---

* (a) *A person commits the offense of disorderly conduct if,* with the purpose to cause public inconvenience, annoyance, or alarm or *recklessly creating a risk of public inconvenience, annoyance, or alarm, he or she*:
    (1) Engages in fighting or in violent, threatening, or tumultuous behavior;
    (2) *Makes unreasonable or excessive noise;*
    (3) In a public place, uses abusive or obscene language, or makes an obscene gesture, in a manner likely to provoke a violent or disorderly response;
    (4) Disrupts or disturbs any lawful assembly or meeting of persons;
    (5) Obstructs vehicular or pedestrian traffic;
    (6) *Congregates with two (2) or more other persons in a public place and refuses to comply with a lawful order to disperse of a law enforcement officer or other person engaged in enforcing or executing the law;*
    (7) Creates a hazardous or physically offensive condition;
    (8) In a public place, mars, defiles, desecrates, or otherwise damages a patriotic or religious symbol that is an object of respect by the public or a substantial segment of the public; or
    (9) In a public place, exposes his or her private parts.
 (b) Disorderly conduct is a Class C misdemeanor.
ARK. CODE ANN. § 5-71-207.

and continuing profanity didn't cross the statute's unreasonable-or-excessive-noise threshold, which is high. *Thurairajah*, 925 F.3d at 983 n. 3. But, it's undisputed that the group stalled and argued rather than departing at the officers' first direction. It's likewise undisputed that, after moving down the sidewalk, the group stopped. They continued the verbal dispute instead of heading to their cars. They were, it's true, crossing the street some moments later when the arrest occurred. It's unclear exactly how much time had passed. While commendable, this eventual compliance did not eliminate the arguable statutory violation that had occurred earlier. Whether Johnson's part in this whole amounted to "recklessly creating a risk of public inconvenience, annoyance, or alarm ..." by refusing to disperse contrary to ARK. CODE ANN. § 5-71-207 was a judgment call. Viewed in the light most favorable to Johnson, the prosecutor's decision to drop the charge indicates that Officer Gilbert made a mistake. But qualified immunity protects him because "a reasonable officer in his shoes would have reasonably believed, even if mistaken, based on objective facts, that ..." Johnson and the group had violated the refusal-to-disperse provision of Arkansas's statute. *Thurairajah*, 925 F.3d at 983–84; *see also, Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013).

The arguable probable cause to arrest Johnson eliminates the alleged Forth Amendment violation, so the conspiracy and failure-to-train claims fail as a matter of law. *Riddle v. Riepe*, 866 F.3d

943, 948–49 (8th Cir. 2017); *Sinclair v. City of Des Moines, Iowa*, 268 F.3d 594, 596 (8th Cir. 2001) (*per curiam*). That leaves only state law claims, over which the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015).

* * *

The defendants' motion for summary judgment, *Doc. 30*, is partly granted and partly denied. The remaining federal claims will be dismissed with prejudice. The state law claims will be dismissed without prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 June 2020